IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAKESHIA MARIE RAY,

             Plaintiff,

                                    CIVIL ACTION
     vs.                            No. 11-3067-SAC

(FNU) SALES, et al.,

             Defendants.
_____

MEMORANDUM AND ORDER

     This matter is before the court on a civil rights action
filed pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds pro se
and seeks leave to proceed in forma pauperis pursuant to 28
U.S.C. § 1915.

     As amended on April 26, 1996, § 1915(a)(1) requires a
prisoner seeking to bring a civil action without prepayment of
fees to submit an affidavit that includes a statement of all
assets, a statement of the nature of the complaint, and the
affiant's belief that he is entitled to redress.  The court
finds the motion for leave to proceed in forma pauperis filed by
plaintiff satisfies these requirements.

     As amended, § 1915(a)(2) requires an inmate also to submit
a certified copy of the inmate's institutional account for the
six months immediately preceding the filing of the action from
an appropriate official from each prison in which the inmate is
or was incarcerated.  Plaintiff has not yet submitted this

information.  Accordingly, the court will direct her to supple-
ment the motion to proceed in forma pauperis with a certified
financial statement from the facility where she is incarcerated.

Next, pursuant to Rule 8 of the Federal Rules of Civil
Procedure, a complaint must present "(1) a short and plain
statement of the grounds upon which the court's jurisdiction
depends, ... (2) a short and plain statement of the claim
showing that the pleader is entitled to relief, and (3) a demand
for judgment for the relief the pleader seeks."  Fed.R.Civ.P.
8(a).

Plaintiff is proceeding pro se in this action, and the
court is mindful that "[a] pro se litigant's pleadings are to be
construed liberally and held to a less stringent standard than
formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d
1106, 1110 (10th Cir. 1991).  However, the court "will not supply
additional factual allegations to round out a plaintiff's
complaint or construct a legal theory on a plaintiff's behalf."
*Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.
1997)(citation omitted).  Despite her pro se status in this
action, plaintiff must allege "enough facts to state a claim to
relief that is plausible on its face."  *Bell Atlantic Corp. v.
Twombly*, 550 U.S. 544, 570 (2007).

Accordingly, the court also will direct the plaintiff to
provide additional, specific information concerning her claims,
including a statement of the particular conduct of each defen-

dant who allegedly violated her rights as well as specific factual allegations in support of her claim of inadequate medical treatment. *See Bennett v. Passic,* 545 F.2d 1260, 1262–63 (10th Cir.1976)(stating personal participation of each named defendant is essential allegation in civil rights action) and *Hall*, 935 F.2d at 1109 ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.")

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff shall supply the court on or before May 15, 2011, with a certified copy of her institutional financial records for the six months preceding the filing of this matter from all facilities in which she was housed during that period.

IT IS FURTHER ORDERED that on or before May 15, 2011, plaintiff shall supplement her complaint as directed herein.

The failure to file a timely response may result in the dismissal of this action without prejudice and without additional prior notice to plaintiff.

**IT IS SO ORDERED.**

DATED: This 14th day of April, 2011, at Topeka, Kansas.

S/ Sam Crow
SAM A. CROW
U.S. Senior District Judge